[Cite as *State v. Cutshall*, 2013-Ohio-3591.]


COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| EDWARD A. CUTSHALL | : | Case No. 2012CA00235 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                  of Common Pleas, Case No.
                                  2012CA1236



JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 August 19, 2013




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RENEE M. WATSON                           GEORGE URBAN
Assistant Prosecuting Attorney            116 Cleveland Ave., NW, Suite 808
110 Central Plaza South, Suite 510        Canton, OH 44702
Canton, OH 44702-1413

*Baldwin, J.*

{¶1}    Appellant Edward A. Cutshall appeals a judgment of the Stark County Common Pleas Court convicting him of one count of burglary in violation of R.C. 2911.12(A)(2) and sentencing him to five years incarceration.  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    On August 9, 2012, Brittany Buccini was home in her apartment with her two-year-old daughter.  Appellant knocked on the door, yelling that he wanted his money back.  Brittany pretended she was not home, and appellant left.  Several days earlier, appellant attended a small party at Brittany's apartment.  Appellant became intoxicated at the party and had to be carried home to his apartment across the street, where he lived with his friends Sarah Lyon and Jonah Fowler.

{¶3}    Brittany called her friend Amanda Foster and told her about appellant's "visit."  The two met at the park with their children.  Brittany returned home around 5:00 p.m.  While she was making dinner, appellant began pounding on her door again.  Brittany ignored him, and he went away.  Brittany was disturbed by appellant's visit and called her friend Amanda to come over with her boyfriend, Miguel Aguayo.

{¶4}    Amanda and Miguel began playing cards with Brittany in Brittany's apartment.  Appellant returned between 8:00 p.m. and 8:30 p.m.  A shouting match ensued between appellant and the occupants of Brittany's apartment.  Appellant ran up the steps to Brittany's apartment.  Brittany, Amanda and Miguel ran inside and closed the door.  Appellant kicked the exterior door to the apartment completely off the frame.  Brittany and her friends ran into the living room and held the interior door shut.

Appellant continued to yell about missing money, and threatened to kill Brittany and stab her daughter. Amanda called the police. Appellant ran outside and started throwing rocks at the building.

{¶5}   When Canton Police Officer Michael Rastetter arrived, a neighbor flagged him down and told him a white male was throwing rocks at the building and yelling, and had kicked in the door of Brittany's apartment.

{¶6}   Rastetter proceeded up the steps to Brittany's apartment, where he noted the exterior door had been broken off both hinges and the deadbolt, and was hanging by a piece of wood. He found Brittany and her daughter in the living room, along with Amanda and Miguel. Brittany was distraught and crying, and very nervous. She jumped at any sound coming from outside. She told Rastetter that appellant kicked in her exterior door and tried to gain access to the living room, but they held the interior door shut. Brittany was hesitant to go with Rastetter to his cruiser to complete paperwork, but reluctantly complied.

{¶7}   While in the cruiser, Brittany thought she heard something in the back of the apartment building. Rastetter went to check the noise to make Brittany feel better. As he checked the backyard, Brittany started screaming, "He's out here!" When Rastetter returned, appellant was standing by the cruiser.

{¶8}   Appellant was charged with one count of burglary. The case proceeded to jury trial in the Stark County Common Pleas Court. At trial, Jonah Fowler testified that although appellant kicked the door, he did not break the door open, and appellant never entered the apartment. A neighbor also testified that appellant kicked the door but it did not open, and he never entered the apartment.

{¶9} Appellant was convicted as charged and sentenced to five years incarceration. He assigns two errors on appeal:

{¶10} "I.    THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED TESTIMONY UNDER THE EXCITED UTTERANCE EXCEPTION TO HEARSAY.

{¶11} "II.    APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶12} In his first assignment of error, appellant argues that the court erred in allowing Officer Rastetter to testify as to what Brittany said when he arrived on the scene. Appellant argues that the court erred in admitting her statements as excited utterances when they were made in response to questioning, and sufficient time had lapsed in order for her to have reflected on the events that transpired.

{¶13} The decision to admit or exclude evidence rests in the sound discretion of the trial court. *State v. Sage*, 31 Ohio St. 3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus. An abuse of discretion connotes that the court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} Evid. R. 803(2) provides that an excited utterance is not excluded by the hearsay rule. An excited utterance is defined by the rule as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

{¶15} In order to qualify as an excited utterance, there must be an occurrence startling enough to produce a nervous excitement in the declarant, the statement must be made before there was time for the nervous excitement to lose influence over the declarant's reflective faculties, the statement must be related to the startling occurrence, and the declarant must have had an opportunity to personally observe the matters asserted in her statement. *State v. Duncan*, 53 Ohio St. 2d 215, 373 N.E.2d 1234 (1978), at syllabus. Statements made in response to questioning may still be admitted pursuant to the excited utterance exception to the hearsay rule if the questioning is neither coercive nor leading, facilitates the declarant's expression of what is already the natural focus of the declarant's thoughts, and does not destroy the domination of the nervous excitement over the declarant's reflective faculties. *State v. Wallace*, 37 Ohio St. 3d 87, 93, 524 N.E.2d 466, 472 (1988).

{¶16} The officer arrived on the scene shortly after the incident between Brittany and appellant. The officer testified that Brittany was distraught and crying, and very nervous. She jumped at any sound coming from outside. The officer's question to Brittany was "what made her so upset or something along those lines." Tr. Vol. 1 page 147. The question was not coercive nor was it leading. Further, Brittany remained upset even after making the statements to the officer. She was afraid to go to the police cruiser to fill out paperwork, and asked the officer to check out a suspicious noise behind the apartment. The trial court did not abuse its discretion in admitting

Brittany's statement to Officer Rastetter as an excited utterance. [1]

{¶17}   The first assignment of error is overruled.

II.

{¶18}   In his second assignment of error, appellant argues that the judgment of conviction is against the manifest weight and sufficiency of the evidence.  Specifically he argues that he did not trespass with the purpose to commit the offense of assault; he merely kicked the door out of frustration.

{¶19}   In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶20}   An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

---

[1] Although properly admitted as an excited utterance, a hearsay statement may still be inadmissible as a violation of the Confrontation Clause if the statement is testimonial in nature.  See *State v. Siler*, 164 Ohio App. 3d 680, 2005-Ohio-6591, 843 N.E.2d 863.  However, we need not reach this issue in the instant case because the declarant testified at trial.  When the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints on the use of his prior testimonial statements. *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

{¶21}   Appellant was convicted of burglary in violation of R.C. 2911.12(A)(2):

{¶22}   "(A) No person, by force, stealth, or deception, shall do any of the following:

{¶23}   (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

{¶24}   The trial court instructed the jury that to find appellant guilty, they had to find that appellant had purpose to commit the crime of assault, defined as knowingly causing or attempting to cause physical harm to another.  Tr. Vol. 3, p. 24.

{¶25}   Appellant argues that he kicked the door, but it did not open.  Officer Rastetter testified that when he arrived, the door had been kicked off its hinges and was hanging on by a little bit of wood.  Miguel Aguayo, Amanda Foster and Brittany Buccini all testified that appellant kicked the exterior door off its frame and then attempted to come through the living room door.  They managed to hold the interior door closed while calling the police to keep appellant form entering the living room.

{¶26}   Further, Brittany testified that appellant threatened to harm her and her daughter.  While other witnesses did not hear this threat, appellant's actions in forcibly kicking through the exterior door and attempting to break through the interior door support the jury's conclusion that he intended to assault someone upon gaining entry to the apartment.

{¶27}   The jury's verdict is not against the manifest weight or sufficiency of the evidence.  The second assignment of error is overruled.

{¶28}   The judgment of the Stark County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Farmer, P.J. and

Wise, J. concur.

_____

HON. CRAIG R. BALDWIN

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE

CRB/rad

[Cite as *State v. Cutshall*, 2013-Ohio-3591.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff -Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EDWARD A. CUTSHALL | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2012CA00235 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs assessed to appellant.

_____

HON. CRAIG R. BALDWIN

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE